**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIRRA MIRZA, individually and on behalf of all others similarly situated, | Civil Action No.: 2:16-cv-07381-CCC-MF |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court upon the motion of Plaintiff Hirra Mirza ("Plaintiff" or "Mirza") to approve the settlement reached between the parties. Plaintiff's Unopposed Motion for Approval of FLSA Settlement ("Pl. Br."), ECF No. 25. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. It appearing that:

1. Plaintiff is a former employee of Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), a national banking association organized and existing under the laws of the United States. ECF No. 13 at 5. Plaintiff was employed by Defendant from approximately March 2011 through July 2016. ECF No. 1 ¶ 17. Throughout her employment with Defendant, Plaintiff was an hourly paid, non-exempt Personal Banker. *Id.* ¶ 18.

2. On October 17, 2016, Plaintiff, individually and on behalf of all others similarly situated, filed a Complaint against Defendant alleging that she was not paid for hours worked, including overtime hours. *See generally* ECF No. 1. Specifically, Plaintiff claims that Defendant required her and other employees to perform off-the-clock work for which they

1

were not compensated and to work more than forty hours in a workweek, and that Defendant failed to pay them overtime compensation at a rate of not less than one and one-half their regular rate of pay for hours worked in excess of forty in a workweek. *Id.* ¶¶ 61-100. Plaintiff alleges Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, 29 C.F.R. §516 *et seq.*, the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq.*, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.*[1] *Id.* ¶¶ 1-2, 61-100; Pl. Br. ¶ 1.

3. Plaintiff submits that over the past ten months, the parties have engaged in formal and informal discovery, attended several hearings with the Court, and have had ongoing, direct discussions regarding the legal merits and defenses in this litigation. *See* Pl. Br. ¶ 3. On September 14, 2017, Plaintiff moved for approval of the settlement agreement.

4. The Court approves the parties' settlement because the compromise reached: (1) was the result of an adversarial process, where Plaintiff was adequately represented; (2) resolves a bona fide dispute; (3) is fair and reasonable to Plaintiff; and (4) is not the product of fraud or collusion on behalf of Defendant. Further, the Court approves Plaintiff's request for attorneys' fees and costs as reasonable.

5. First, Plaintiff was adequately represented by counsel well-versed in wage and hour law. Plaintiff's counsel advised their client as to the attendant hazards and benefits of undergoing further litigation, and negotiated the settlement with Defendant's counsel to resolve Plaintiff's claims. *See id.* ¶¶ 3-4. In exchange for a general release from Plaintiff, Defendant will pay an aggregate payment of $33,000. *Id.* ¶ 4. Of the aggregate, Plaintiff

---

[1] Plaintiff filed an Amended Complaint on January 20, 2017, changing the name of the defendant from "Wells Fargo, N.A." to "Wells Fargo Bank, N.A." ECF No. 10. Defendant filed an Answer to Plaintiff's Amended Complaint on February 3, 2017.

2

will receive $21,514.56,[2] (*id.* ¶ 4(a)), and Defendant will pay $11,485.44 in attorneys' fees and costs (*id.* ¶ 4(b)).

6. Second, the compromise reached resolves a bona fide dispute as to Plaintiff's ability to recover for unpaid wages. Plaintiff alleges that she and others similarly situated were underpaid as a result Defendant's policy and practice. Defendant denies any wrongdoing, and "specifically denies that it violated FLSA, the New Jersey Wage Laws, the Americans with Disabilities Act, or any other law with respect to Mirza's employment at Wells Fargo." *Id.* ¶ 2. Defendant also "disputes that Mirza worked the number of unpaid hours she claims to have worked." *Id.* Defendant further raises fourteen affirmative defenses in its Answer to Plaintiff's Amended Complaint. ECF No. 13 at 28-30. For these reasons, there is a bona fide dispute between the parties.

7. Third, the settlement agreement is fair and reasonable to Plaintiff. Under the terms of the settlement, Plaintiff will receive $21,514.56. Pl. Br. ¶ 4(a). Moreover, the settlement's provisions: (1) are in the respective best interests of the parties; (2) show a level of sound compromise as to any potential claims or factual disputes; (3) work to sufficiently resolve the parties' dispute concerning the alleged unpaid hours Mirza worked; and (4) provide a level of certainty that better serves both parties as compared to the risks inherent in a lengthy litigation.

8. Fourth, there is no evidence of fraud or collusion on behalf of Defendant. The parties' negotiations were at arm's length and, in addition, over a ten month period, the parties underwent discovery, participated in numerous court hearings, and had substantive

---

[2] Of this amount, $1,500 is attributed to back wages (with $1,500 attributed to liquidated damages under FLSA). *Id.* ¶ 4(a).

3

discussions concerning the validity of Plaintiff's claims. *Id.* ¶ 3. As previously noted, all parties were ably represented by counsel with extensive experience in wage and hour law, and counsel opined on the positives and negatives of continuing litigation as to each of their respective clients. *See id.* ¶¶ 3-4.

9. The Court also approves Plaintiff's request for attorneys' fees and costs in the amount of $11,485.44. "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); *see also Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). Plaintiff's counsel's costs in this case amount to $479.69; therefore out of the $11,485.44 requested, Plaintiff's counsel requests $11,005.75 in attorneys' fees. Pl. Br. ¶ 4(b). Counsel's request for $11,005.75 represents approximately 33 percent of the total settlement amount and, thus, falls within the range of reasonable allocations in the context of awards granted in other, similar cases. Further, a lodestar cross-check supports the fee request because counsel has spent approximately 68.3 attorney, paralegal, and support staff hours prosecuting this case, amounting to a lodestar calculated by counsel of approximately $17,510. (Declaration of N. Conlon ¶ 4). This amount exceeds counsel's request for $11,005.75, and does not include expenses counsel will incur to administer the settlement. Accordingly, the Court finds the $11,485.44 award of attorneys' fees and costs is not excessive and therefore approves the request for attorneys' fees and costs.

Accordingly,

IT IS on this 5 day of March, 2018

**ORDERED** that Plaintiff's Unopposed Motion for Approval of FLSA Settlement, (ECF No. 25), is **GRANTED** as to all of the terms of the agreement; it is further

**ORDERED** that the request for attorneys' fees and costs is **GRANTED**; it is further

**ORDERED** that the parties shall comply with all deadlines and terms in the settlement agreement; it is further

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the file.

**SO ORDERED.**

                                                  **CLAIRE C. CECCHI, U.S.D.J.**